■ JOHN J. ZENNA, Respondent, v. ST. VINCENT'S HOSPITAL OF THE CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injury suffered by plaintiff as a consequence of defendant's alleged negligence, defendant appeals from an order of the Supreme Court, Queens County, dated September 7, 1962, which denied its motion: (1) to disqualify Dr. Milton

Tarlau as a witness on behalf of either party upon the trial of the action; (2) to prohibit the use upon the trial of any and all reports, findings or other data obtained or made by said doctor; (3) to direct the plaintiff to submit to a physical examination by another doctor selected by the defendant; and (4) to vacate plaintiff's note of issue until he has submitted to another physical examination; and which order further directed that the defendant, if it so elects, may "have an impartial physical and/or neurological examination of plaintiff, by Dr. Samuel C. Karlan * * * within 30 days" provided the defendant "pays the costs of said examination and furnishes plaintiff's attorneys with a copy of Dr. Karlan's report." Order modified as follows: (1) by striking out its two decretal paragraphs denying defendant's motion in all respects but permitting it to have Dr. Karlan examine the plaintiff on the conditions stated; (2) by substituting therefor a paragraph granting defendant's motion to the extent of directing plaintiff, on 10 days' written notice or on such date and at such place as the parties may stipulate in writing, to submit to a physical examination by Dr. John Ambler; such examination to be had on the condition, however, that defendant shall pay the expense incident thereto and, within 30 days after the examination, shall furnish plaintiff with a copy of the doctor's report; and (3) by substituting another paragraph denying defendant's motion in all other respects. As so modified, the order is affirmed, without costs. It appears that Dr. Tarlau was originally appointed by the court on December 8, 1960 upon defendant's motion for the appointment of an independent and impartial neurologist to examine the plaintiff on behalf of the defendant. Following such official appointment Dr. Tarlau examined the plaintiff. Thereafter, when plaintiff as a member of the Health Insurance Plan applied for neurological treatment to the Astoria Medical Group, a branch of that organization, Dr. Tarlau — who happened to be the neurologist affiliated with this branch — was assigned to treat the plaintiff, and he treated him as his patient. On this motion the defendant takes the position that Dr. Tarlau when called as a witness would no longer be deemed impartial and that, in consequence, its rights will be prejudiced upon the trial. In our opinion, the motion should be granted to the extent indicated. When Dr. Tarlau began treating the plaintiff as his patient and continued so to do, the doctor lost his status as an impartial court-appointed physician. Hence, his original appointment in that capacity should not be available for use on the trial. Under the Special Rule for the Exchange of Medical Information promulgated by this court, effective March 1, 1962, the defendant in personal injury actions is entitled to an examination by a physician of its own choosing. Obviously, the defendant would not choose one who was or would become plaintiff's own physician. It is also our opinion that, under the unusual circumstances of this case, upon the trial neither party should advert, directly or indirectly, to Dr. Tarlau's original appointment by the court on December 8, 1960 or to his examination of the plaintiff by virtue of such appointment. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.